[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14438
Non-Argument Calendar
_____

Agency No. A026-061-844


RODOLFO MARIO MARAVILLA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 29, 2016)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Rodolfo Mario Maravilla petitions for review of an order that expedited his removal from the United States as an alien convicted of an aggravated felony. *See* 8 U.S.C. §§ 1228(b), 1227(a)(2)(A)(iii). Maravilla argues that the Department of Homeland Security failed to prove by clear and convincing evidence that he is an alien and that the Department violated his right to due process during the expedited removal proceedings. We dismiss in part and deny in part Maravilla's petition.

We lack jurisdiction to review the finding that Maravilla is an alien. Maravilla received written notice that he was subject to removal as a native and citizen of Mexico who had been convicted twice in the Florida courts for drug-related crimes and that he had ten days to submit evidence to rebut the charge. *See* 8 C.F.R. § 238.1(b)(2)(i). Maravilla failed to respond to the notice. "[A]bsent a cognizable excuse or exception," we "lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies." *Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We dismiss this part of Maravilla's petition.

The Department did not violate Maravilla's right to due process. To establish a violation of due process, an alien must prove that he was deprived of liberty without notice or an opportunity to respond and that he was substantially prejudiced by the alleged error. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1299 (11th Cir. 2015). Maravilla did not dispute that he was removable and instead

2

applied for withholding of removal. Maravilla argues that he "did not have actual physical possession of the Notice" until three days before a response was due, but he failed to request an extension of time to respond despite being informed of that right in the notice. And Maravilla cannot prove that he was prejudiced by the delay. Maravilla acknowledges that "he does not know where he was born" and he fails to identify any evidence that would have changed the outcome of his proceeding. We deny this part of Maravilla's petition.

**PETITION DISMISSED IN PART, DENIED IN PART.**